**SO ORDERED.**

**SIGNED this 28 day of March, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GOLDSMITH'S INC. OF TEXAS | ) | Case No. 03-13106 |
| | ) | **Chapter 7** |
| Debtor. | ) | |
| | ) | |
| STEVEN L. SPETH. Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05-5276 |
| | ) | |
| CORTINA LEATHER, | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This proceeding is before the Court on the Trustee's Motion for Judgment on the Pleadings filed December 19, 2005. (Doc. 9). On May 26, 2005, Steven L. Speth, Chapter 7 Trustee ("Plaintiff") in the case of Goldsmith's Inc. Of Texas ("Debtor"), filed a Complaint to Recover Property. (Doc. 1).

1

The Complaint seeks return of money in the amount of $3,186.85 paid to Cortina Leather ("Defendant") to the estate. Plaintiff claims the payments to Defendant were preferential transfers under 11 U.S.C. §547.

On July 11, 2005, Defendant filed an answer (Doc. 5) in which it admitted that it had accepted debtor's check as payment for goods shipped on January 2, 2003. Defendant, however, denied payment from the debtor was a preferential transfer. Defendant stated it did not know and had no way of knowing of debtor's impending bankruptcy and therefore the payment of $3,186.85 was not a preferential transfer. Defendant's Answer was filed by its corporate president, Meryl Siegman. No where is it shown that Ms. Siegman is an attorney.

On July 12, 2005, an Order to Correct Defective Pleading(s) was issued by the Court. (Doc. 6). The order advised that defendant's Answer was defective pursuant to Local Bankruptcy Rule 9010.1, which provides, in pertinent part, that a corporation may appear and participate only through an attorney in an adversary case. The person filing the pleading was ordered to correct the deficiency listed within fifteen (15) days of the date of the order. The order stated, "Failure to timely comply will result in this matter being set on the Court's Show Cause Docket or the motion or application denied, in the Court's sole discretion, without further notice." To date, defendant has not remedied the defect in its answer.

On December 19, 2005, Plaintiff filed a Motion for Judgment on the Pleadings. (Doc. 9). Plaintiff claims the answer filed by defendant fails to state a valid defense to plaintiff's claims. Plaintiff concludes it is entitled to judgment as a matter of law.

On January 20, 2006, the United States Bankruptcy Court Clerk's Office sent a letter to defendant, advising that a responsive brief to Plaintiff's Motion for Judgment on the Pleadings

was due on or before February 13, 2006 and that if no response is forthcoming within that time, the Court will take the matter under advisement and consider the motion without further pleading. No responsive brief has been filed to date.

## JURISDICTION

This avoidance proceeding is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(F) and 28 U.S.C. § 1334(b).

## DISCUSSION

As a preliminary matter, the court notes that this motion can be granted as an uncontested motion since no response has been filed to the trustee's motion for judgment on the pleadings. D.Kan.Rule 7.4 provides if a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

In addition, this motion may be summarily granted because defendant's answer is defective in that it was signed by a non-attorney and defendant has failed to remedy the defect. It is a well-established rule that "a corporation may appear in the federal courts only through licensed counsel."[1] Accordingly, because defendant, a corporation, is not permitted to appear *pro se* in this matter, and its answer does not comply with the Local Rules of this court, defendant's answer is stricken and deemed null and void.[2] Having failed to properly plead or otherwise defend, defendant is deemed

---

[1] Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993); Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir.1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law.").

[2] *See, e.g.*, Mid-Central/Sysco Food Services, Inc. v. Regional Food Services, Inc., 755 F.Supp. 367 (D.Kan.1991)(corporation's appearance by its president was improper and plaintiff's

3

to have admitted the allegations in the complaint. Therefore, plaintiff's allegations must be taken as true, and plaintiff is entitled to judgment avoiding debtor's payments to defendant as preferential transfers.

The Court reaches the same conclusion even if it considered the defense raised in defendant's defective answer. Defendant claims it did not know and had no way of knowing of the debtor's impending bankruptcy and therefore the payment of $3,186.85 was not a preferential transfer. Lack of knowledge regarding the debtor's impending bankruptcy is not a valid defense to a preferential transfer claim.[3] Moreover, lack of knowledge regarding the debtor's insolvency is insufficient to rebut presumption of insolvency for 90 days immediately preceding date of filing of bankruptcy petition.[4]

## CONCLUSION

Under the circumstances, the trustee's motion for judgment on the pleadings is GRANTED. Judgment should be entered in favor of the trustee on his adversary complaint. The debtor's payments to Cortina Leathers were preferential transfers under § 547(b) and may be avoided. A Judgment on Decision will issue this day.

# # #

---

Motion to Strike corporation's motion to dismiss is granted); In re American Freight System, Inc., 1993 WL 245126 (D.Kan. 1993) (motion to strike brief signed by an officer of corporation granted); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F.Supp.2d 779, 782 (E.D.N.C.2004) (striking a corporation's pleadings where they were signed by the corporation's president but not by an attorney); In re Global Construction & Supply, Inc., 126 B.R. 573 (Bankr. E.D.Mo. 1991) (court concludes petition signed by non-attorney was improperly filed and therefore should be dismissed as null and void).

[3] See 11 U.S.C. §547 (b), (c) and (I).

[4] In re K. Pritchard Co., 17 B.R. 508 (Bankr. Ala. 1981).

4